**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**KENNETH LEE**                                                                                             **PLAINTIFF**

**V.**                                                                            **CIVIL ACTION NO.1:08CV664 LTS-RHW**

**NATIONWIDE INSURANCE COMPANY
and JOHN L. FRENCH, JOINTLY AND SEVERALLY**                          **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

      The Court has before it Plaintiff Kenneth Lee's (Lee) motion [6] to remand. Defendant Nationwide Insurance Company (Nationwide) removed this action on grounds of diversity of citizenship under 28 U.S.C. §1332. Nationwide's claim to the complete diversity of citizenship necessary to support the Court's subject matter jurisdiction is premised on its contention that the plaintiff has not alleged a legitimate claim or cause of action against Defendant John L. French (French), the local Nationwide agent who sold Lee his homeowners policy. With respect to French, the non-diverse party, Nationwide contends that there has been a misjoinder or a fraudulent joinder of French in order to defeat this Court's subject matter jurisdiction. Having removed this action based on this contention, Nationwide bears the burden of proving it to be true. *B., Inc. v. Miller Brewing Co.*, 663 F.3d 545 (5th Cir. 1981).

      This burden of proof has been characterized as a heavy one because, in making the assessment whether joinder of non-diverse defendants is fraudulent or legitimate, I must assume all of the well-pleaded facts in the complaint to be true; I must grant the plaintiff all reasonable favorable inferences; and I must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000). The dismissal of a non-diverse party must be proper under the standards of Rule 56, F.R.Civ.P., if, as here, the parties submit and the Court considers relevant evidence outside the pleadings. Nationwide has submitted no evidentiary material in response to Lee's motion to remand, but Lee has submitted his own affidavit in support of his motion. Because I will consider Lee's affidavit, I will apply the standard that must be met for entry of a summary judgment in favor of French. Nationwide must therefore show that there is no genuine issue of material fact and that French is entitled to judgment as a matter of law.

      Lee has, in my opinion, alleged sufficient facts to state a cause of action against French. These facts, considered in the light most favorable to Lee, and allowing for all favorable inferences these allegations will reasonably support, are sufficient to state causes of action against French for negligence and for negligent misrepresentation.

For this reason, based on the facts set out below, Lee's motion to remand will be granted.

## Facts

Lee is the named insured under a homeowners policy issued by Nationwide. French was the local Nationwide agent with whom Lee dealt. Nationwide Policy Number 63 23 HO 051747 insures Lee's residence premises (15409 Sequoiah Avenue, Biloxi, Mississippi) and provides coverage limits of $344,000 (Dwelling); $58,050 (Other Structures); $240,800 (Personal Property); and $68,800 (Loss of Use).

Lee has alleged that in 2002 he built a swimming pool at his residence and added "a back porch and an enclosure." (Lee Affidavit [6-3] Second Paragraph Numbered 1) Lee was insured by Nationwide at that time, and French was his agent. According to Lee, he believed he was required to report the construction of the pool and the enclosure to Nationwide, and he accomplished this by reporting the construction to French (Lee Affidavit [6-3] Paragraph Numbered 2). After making this report, Lee alleges that Nationwide sent a representative out to photograph the insured premises. (Lee Affidavit [6-3] Paragraph Numbered 3) Nationwide thereafter gave Lee written notification that his new additions would not be covered under his Nationwide homeowners policy. (Complaint Paragraph 27) Lee acknowledges having received this notification, and if he had taken no further action he would have no claim against French.

Lee alleges, however, that after he received Nationwide's notification he spoke with a "representative of Mr. French's office" about securing additional coverage in the form of a rider that would apply to this new construction. (Lee Affidavit [6-3] Paragraph Numbered 4) Lee alleges that French's representative assured him that no rider was necessary and that the pool and enclosure were covered under the Nationwide homeowners policy "because the enclosure was physically attached to [Lee's] home." (Lee Affidavit [6-3] Paragraph Numbered 5) Lee avows that this representative "informed me that she was looking at the pictures, and I was covered." (Lee Affidavit [6-3] Paragraph Numbered 5)

After Hurricane Katrina's forces destroyed the insured premises, Nationwide denied coverage for the enclosure. Lee alleges that this lack of coverage is attributable to French's representative's having assured him that the enclosure was covered without Lee's having to purchase additional coverage in the form of a rider.

Accepting all of the facts alleged by Lee, it is clear that Lee was given two contradictory views of the coverage for the new construction, one from Nationwide (the notification of non-coverage) and a second from a representative of French (assuring Lee that there was coverage for the new construction). Lee, who was seeking coverage for the new addition in the form of a rider was dissuaded from purchasing this additional coverage by the representations French's agent or employee made to him (Lee).

Lee's Nationwide policy provides:

***Coverage Agreements***

***Coverage A - Dwelling***

***We cover:***
1. The dwelling on the residence premises used mainly as your private residence, including attached structures and attached wall-to-wall carpeting. . . .

***Coverage B - Other Structures***

*We cover other structures on the residence premises. They must be separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or, similar connection are considered other structures. . . .*

\* \* \*

***Perils Insured Against (Section I)***

***Covered Causes of Loss***

***Coverage A - Dwelling and***
***Coverage B - Other Structures***

*We cover accidental direct physical loss to property described in Coverages A and B except for losses excluded under Section I Property Exclusions.*

***Property Exclusions (Section I)***

1. *We do not cover loss to any property resulting directly or indirectly from any of the following. Such a loss is excluded even if another peril or event contributed concurrently or in any sequence to cause the loss. . .*

n) *Windstorm or hail to any:*
   (1) *structure, other than a building; including the supports and screens, with a roof-like covering of cloth, metal, plastic or fiberglass, whether or not the structure is attached to a building.*
   (2) *screens, including their supports, around a pool, patio or other areas;*

\* \* \*

> *Hurricane Coverage and Deductible Provision Endorsement*
> *Please attach this important addition to your policy.*
>
> *For the premium charged, the policy is amended as follows:*
>
> *Hurricane Coverage*
>
> *Coverage under this policy includes loss or damage caused by the peril of windstorm during a hurricane. It includes damage to a building's interior or property inside a building caused directly by rain, snow, sleet, hail, sand or dust if direct force of the windstorm first damages the building causing an opening through which the above enters and causes damage. . . .*
>
> *Hurricane Deductible Provision*
>
> *The hurricane deductible on the Declarations applies in the event of direct physical loss caused directly or indirectly by windstorm during a hurricane.*

The policy provides coverage for two types of structures: structures that are attached to the dwelling (Coverage Agreement; Coverage A - Dwelling; Paragraph 1) and other structures that are "separated from the dwelling" (Coverage Agreement; Coverage B - Other Structures). The windstorm and hail exclusion Nationwide is relying upon does not exclude coverage for a building, applying by its terms only to a "structure, other than a building . . . whether or not the structure is attached to a building."

Lee's theory of recovery against French (Agent Negligence; Complaint Paragraphs 25 - 27) is premised on the validity of the exclusion of coverage for the 2002 construction, which Lee describes as "a back porch and enclosure" (Lee Affidavit Second Paragraph Numbered 1), "the screened in patio" (Complaint Paragraph 26), "the screen pool enclosure" (Complaint Paragraph 27(1)), and "the pool enclosure" (Complaint Paragraph 27(2). Lee alleges that "the screen enclosure was physically attached to the structure." (Complaint Paragraph 27 (3)). Lee acknowledges that he "had received a notice from Nationwide that the screen enclosure was not covered." Complaint Paragraph 27(3)).

Neither the Complaint nor Lee's Affidavit specifies the order in which the relevant events occurred (when Lee notified Nationwide of the addition; when Nationwide notified Lee the new construction would not be covered; when the conversation with French's representative took place; when the rider was discussed). For the purpose of deciding this motion, I will assume (as appears to be the case) that the order of events was: 1) new construction; 2) first contact with French's office to give notice of new construction; 3) photographs by Nationwide of new construction; 4) notification by Nationwide to Lee that the new construction was not covered; 5) second contact with

French's office to inquire about the purchase of additional coverage through a rider; and 6) the assurance by French's representative that no additional coverage was necessary because the new construction was attached to Lee's dwelling.  If there is an ultimate finding that Lee's Nationwide policy provides coverage for this new construction, Lee's claim against French is invalid because Lee has suffered no loss by following French's advice.

At this point, the record is insufficient to determine whether this 2002 construction is covered by the Nationwide policy.  The policy provides coverage for "The dwelling . . . including attached structures" and then excludes coverage for windstorm damage to" any: (1) structure, other than a building; including the supports and screens, with a roof-like covering of cloth, metal, plastic or fiberglass, whether or not the structure is attached to a building."  I will assume, for the purpose of deciding this motion, that there is no coverage under the Nationwide policy for Lee's 2002 construction.

### Lee's Theory of Recovery Against French

If it is the case that: 1) coverage for the new construction is excluded under the terms of the Nationwide policy; and 2) Nationwide notified Lee that coverage was excluded; and 3) having received this notification Lee then attempted to secure additional coverage by purchasing a rider; and 4) an individual for whose actions French is responsible assured Lee that purchasing additional coverage was not necessary for this new construction; and 5) Lee reasonably relied on that assurance to his detriment, French would be potentially liable if the representation his agent or employee made to Lee was the product of French's (or his representative's) failure to exercise reasonable care.  That is a number of big "ifs," but at this point, Lee is entitled to the benefit of the doubt on all of them.

I take this view despite the general rule that an insured is charged with knowledge of the terms of his policy, because the inquiry Lee has alleged is a very specific one, made after he understood and accepted Nationwide's written notification that the new construction was excluded from coverage.  In these circumstances, Lee attempted to remedy the lack of coverage by purchasing additional coverage in the form of a rider to protect his interest in the new construction.  At that juncture, according to Lee (whose version of the facts I must accept in this context), French's representative assured him that because the new construction was attached to Lee's dwelling it was covered.  In my view, this is much different from a broad or general allegation that an agent failed to explain policy coverages and exclusions, as was the case in *Leonard v. Nationwide*, 499 F.3d 419 (5th Cir. 2007).

In this instance Lee was not contending or even inquiring whether his Nationwide policy covered the new addition; he had accepted the first view that there was no coverage, and he was attempting to remedy that lack of coverage.  Lee made a request for additional coverage in the form of a rider, and someone for whom French is

responsible dissuaded him from purchasing the additional coverage.  Where an insured makes a very specific inquiry in an effort to purchase additional coverage, in the form of a rider, for property he understands to be excluded from his basic policy, and he is then misinformed by the insurer's representative and assured (erroneously) that there is coverage under the existing policy, the insurance agent may be found to have acted negligently, in my view, and he may be cast in judgment for the losses caused by his negligence.

Application of the legal standard appropriate to this motion also requires that I give Lee the benefit of the doubt on the issue whether the statute of limitations bars Lee's claim against French.  Although the original misrepresentation may have occurred in 2002, there is nothing in the record to suggest that Lee was not relying on French's representation every year his Nationwide policy was renewed.  This is among the issues of fact and law that may be disputed, but must be resolved in favor of Lee in the context of this motion.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte, 485 So.2d 295 (Miss.1986); Lovett v. Bradford, 676 So.2d 893 (Miss.1996); First United Bank of Poplarville v. Reid, 612 So.2d 1131 (Miss.1992).*  In my view, this duty must include a duty to exercise reasonable care before advising an insured that the additional coverage he is seeking is unnecessary.

Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2, The misrepresentation (or omission) was material or significant;
3. The misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. The person to whom the representation was made reasonably relied upon the representation (or omission); and
5. The person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi, 453 So.2d 699 (Miss.1984); Spragins v. Sunburst Bank, 605 So.2d 777 (Miss.1992).*  These essential elements fit Lee's theory of recovery against French.

An insurance agent who undertakes to procure insurance for a customer and to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability

if the advice is the product of a failure on the part of the agent to exercise reasonable care. *McKinnon v. Batte,* 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss.1992).

Of course, the truth of Lee's allegations, the issue of what coverage Lee requested, the circumstances in which the alleged representations were made, the question whether Lee reasonably relied on the statements he attributes to French's representative, and the question whether the representations, if made, were made negligently, are all among the questions for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense. Likewise, the standard of care applicable to French and the question whether the actions of his representative met that standard of care can be answered only when the record in this case has been fully developed. At this juncture, however, Lee's allegations must be accepted as true; he must be granted all reasonable inferences in favor of his theory of recovery; and any doubtful issues of state law must be resolved in his favor.

Without venturing any opinion on the merits of Lee's claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Nationwide has failed to establish that Lee has no viable legal theory on which he may proceed against French.

Accordingly, since I conclude that there is a reasonable or at least arguable basis for Lee's action directly against French, I have no diversity jurisdiction of this action, and I am obliged to grant Lee's motion to remand. An appropriate order will be entered.

**DECIDED** this 17th day of March, 2009.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE